[No. 33834. Department One. June 13, 1957.]

EDWIN CHAMBERS, *Appellant,* v. CALVIN PHILIPS & COMPANY *et al., Respondents.*[1]

*Robert C. Bibb* and *Edward D. Jones,* for appellant.

*McMicken, Rupp & Schweppe* and *Mary Ellen Krug,* for respondents.

FINLEY, J.—This is an action against a corporate trustee by a beneficiary of an express trust. The beneficiary seeks removal of the corporate trustee, judgment against the trustee and its president, Calvin Philips, in the amount of $44,-811.79, and general relief.

The complaint alleged that the plaintiff owned a 7.3 percent interest in a certain trust which was created by a mortgage and deed of trust executed in 1918; that the defendant corporation, as trustee, had made certain improper disbursements over the past twenty-five years; that defendant, Calvin Philips, was the sole stockholder of the defendant corporation, which was the mere "alter ego" of defendant, Calvin Philips.

The cause was tried to the court. After entry of findings of fact and conclusions of law favorable to the defendants,

[1] Reported in 312 P. (2d) 659.

judgment was entered dismissing plaintiff's complaint. This appeal followed.

The majority of appellant's twenty-three assignments of error are directed to the findings of fact. In substance, the trial court found that the respondent trustee had held regular meetings of the shareholders and of the board of directors and had conducted its business in a corporate manner distinct from the business of respondent Calvin Philips; that it had kept accurate and meticulous records and books of account relative to the trust, and that these books were at all times open to inspection by appellant; that there had been no commingling of the property or affairs of the two respondents; that the appellant had studied all the accountings rendered by the respondent trustee and had made no objection to any items appearing therein until the commencement of this action in April, 1955; that all expenditures and disbursements made by the respondent trustee were necessary and reasonable and were, in fact, authorized by appellant; that the trust had been administered faithfully, diligently, with business acumen, and without dereliction; that the beneficial interests in the property are presently owned, 7.3 percent by the appellant and 92.7 percent by the respondent Calvin Philips; and that "The plaintiff in bringing this action is motivated by bitter personal animosity toward the defendant, Calvin Philips, to whom he is distantly related."

We should also point out that, in his memorandum opinion, the trial judge stated that many of the transactions about which appellant now complains were made during and shortly after the economic depression years (1930 through 1939), when in fact the trust *res* was in a hopelessly insolvent state, and no one, except the two respondents herein, desired to offer assistance, monetarily or otherwise, to prevent a complete loss to all of the investors.

It is sufficient to state that the record amply supports every finding of fact made by the trial court.

Appellant has also assigned error to four of the five conclusions of law entered by the trial court. We are convinced that the findings of fact adequately support the conclusions

of the trial court; *i.e.*, the respondent corporation is not identical with or the "alter ego" of the respondent, Calvin Phillips; that the trustee has made no improper disbursements from the trust property; that the trustee should not be removed; that the complaint should be dismissed, and judgment entered for respondents. The authorities cited by appellant on these matters are not in point.

The judgment of the trial court is hereby affirmed.

HILL, C. J., MALLERY, OTT, and FOSTER, JJ., concur.

September 12, 1957. Petition for rehearing denied.